UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE ESTATE OF LAMONT JOHNSON,
DECEASED, BY TALISA BROOKS, AS                    Case No.
PERSONAL REPRESENTATIVE OF THE                    Hon.
ESTATE OF LAMONT JOHNSON,

     Plaintiff,

v.

CITY OF DETROIT, DETROIT POLICE OFFICERS
TYLER NAGY AND RAUL MARTINEZ,

     Defendants.

_____/

Mark E. Boegehold (P38699)
The Thurswell Law Firm, PLLC
*Attorneys for Plaintiff*
1000 Town Center, Suite 500
Southfield, MI 48075
(248) 354-2222/(248) 354-2323 (F)
mboegehold@thurswell.com

_____/

## **COMPLAINT AND DEMAND FOR TRIAL BY JURY**

*There is no other pending or resolved civil action arising
out of the transaction or occurrence alleged in the complaint.*

_____
Mark E. Boegehold (P38699)

NOW COMES the Plaintiff, The Estate of Lamont Johnson, Deceased, by and

through Talisa Brooks, Personal Representative, and her attorneys, The Thurswell

Law Firm, PLLC, by Mark E. Boegehold, and for her complaint and demand for trial by jury, against the above Defendants, states as follows:

1.     Plaintiff, Talisa Brooks, is a resident of the City of Detroit, County of Wayne, State of Michigan.

2.     That Defendant, Tyler Nagy, is a resident of the City of Detroit, County of Wayne, State of Michigan.

3.     That Defendant, Raul Martinez, is a resident of the City of Detroit, County of Wayne, State of Michigan.

4.     That the City of Detroit is a municipal corporation authorized and existing pursuant to the laws of the State of Michigan and operates as part of its city function a police department identified as the City of Detroit Police Department within the County of Wayne, State of Michigan.

## VENUE AND JURISDICTION

5.     That the amount in controversy exceeds $75,000.00 exclusive of costs, interest, and attorney fees, and jurisdiction is otherwise proper in this Court.

6.     That venue is appropriate in this Court pursuant to 28 U.S.C. Sec. 1391(b) as this cause of action arises out of an occurrence that took place in the City of Detroit within this District, in the County of Wayne, State of Michigan.

7.     That federal questions are involved.

8.     That Plaintiff brings claims of constitutional violations against the City of Detroit, and Defendants, Nagy and Martinez, pursuant to statutes and common

law including, but not limited to, 28 U.S.C. 1331 and 1343, 42 U.S.C. 1983 and 1988, the 4th, 5th and 14th amendments of the United States Constitution arising out of the shooting death of Lamont Johnson by Defendant City of Detroit Police Officers Nagy and Martinez that occurred on or about October 24, 2018, as well as pendant claims arising under the laws of the State of Michigan, 28 USC § 1367, all of which this Court has jurisdiction.

## COUNT I

### FACTUAL CIRCUMSTANCES OF PLAINTIFF'S CLAIMS AGAINST DEFENDANT CITY OF DETROIT AND POLICE OFFICERS NAGEY AND MARTINEZ

9.      Plaintiff reincorporates and re-alleges each and every paragraph stated above as if set forth herein word by word and paragraph by paragraph.

10.     At approximately 9:00 p.m. on October 24, 2018, Defendants Nagy and Martinez were dispatched to 14930 Tireman in the City of Detroit for an alleged attempted assault.  They were advised that the alleged perpetrator was Lamont Johnson.

11.     That an unknown individual told the officers that Mr. Johnson could be found at 14934 Tireman.

12.     That Officers Nagy and Marinez were advised that Lamont Johnson was armed with a handgun.  Further, that Mr. Johnson was intoxicated.

13.    Intoxication would have diminished Lamont Johnson's physical and cognitive functions including but not limited to perception and reaction time.

14.    That Lamont Johnson was using a bicycle as his means of travel.

15.    That upon entering an alleyway adjacent to 14934 Tireman, and coming around a building, Officers Nagy and Martinez encountered Lamont Johnson standing, holding up his bicycle.

16.    That Officers Nagey and Martinez, with guns drawn, began shouting "hands" while shinning a light in Lamont Johnson's eyes.

17.    That it was dark outside with little, if any, light, and Lamont Johnson would not have been able to see Officers Nagy and Martinez or identify them as police officers.

18.    That less than 2 ½ seconds after shouting for Lamont Johnson's "hands," both officers began firing their handguns at Mr. Johnson, resulting in his death.

19.    At no time did Lamont Johnson pull a gun on Officers Nagy and Martinez or even reach for a weapon.

20.    Police bodycam film confirms that Lamont Johnson did not move either of his arms or hands from the time Officers Nagy and Martinez encountered him until he was shot.

21.     That the period of time of less than 2 ½ seconds from the moment of initial encounter until the time the shots were fired did not allow Mr. Johnson time to follow orders, show his hands, or to do anything else.

22.     That 2½ seconds or less would not have been enough time for the average person to perceive and react to the command let alone one whose cognitive and physical perception and reaction time would have been extended due to intoxication.

23.     Lamont Johnson would not have been able to identify Officers Nagy and Martinez as Police Officers since the Defendant officers never identified themselves as police officers.

24.     That Lamont Johnson would not have been able to identify Officer Nagy and Martinez as police officers as he was blinded by their flashlights.

25.     That Lamont Johnson was not given enough time to raise his hands or to otherwise obey the commands to show his hands.

26.     That from initial encounter to the time Officers Nagy and Martinez began shooting, Mr. Johnson would not have had time to reach for a firearm or draw a firearm, and did not reach for or draw a firearm.

27.     That the actions of Officers Nagy and Martinez resulted in Lamont Johnson's death and constituted assault, battery, gross negligence, violation of civil and constitutional rights and wrongful death as more fully stated herein.

28.     That a no time during the encounter between Officers Nagy and Martinez and Lamont Johnson, did Lamont Johnson reach for a weapon, draw a weapon, or give any indication that he was a danger to Defendants Nagy, Martinez or the general public.

29.     That as a, and the, direct proximate result of the shooting, Plaintiff's Decedent suffered damages including but not limited to conscious pain and suffering, emotional distress and trauma, embarrassment, mortification, humiliation, disability, disfigurement, property damage, and wrongful death resulting in damages recoverable under Michigan's Wrongful Death Act, MCL 600.2922 including but not limited to conscious pain and suffering reasonable medical, hospital, funeral and burial expenses, the loss of society and companionship, gifts and financial support for the statutory claimants under the Michigan Wrongful Death Act, and Plaintiff also claims punitive and exemplary damages, costs, interest and attorney fees.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant judgment in favor of the Plaintiff in an amount to be determined by a jury as well as costs, interest, attorney fees, punitive damages, exemplary damages and all damages allowable under state and federal laws and the Michigan Wrongful Death Act.

## COUNT II

### <u>VIOLATION OF RIGHTS UNDER THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983 AS TO DEFENDANT TYLER NAGY</u>

30.     Plaintiff reincorporates and re-alleges each and every paragraph stated above as if set forth herein word by word and paragraph by paragraph.

31.     That at all times relevant to this cause of action, Officer Nagy was an employee and police officer of the City of Detroit Police Department as was acting within the scope of his employment and under the color of law.

32.     It is well established that the rights to be free from excessive force, to be free from unreasonable seizure, to be guaranteed equal protection under the law and to not be deprived of life, liberty, the pursuit of happiness or property without due process of law are guaranteed by the Fourth, Fifth and Fourteenth Amendment's protections and are constitutionally protected rights.

33.     A police officer's use of deadly force is a "seizure" within the meaning of the Fourth Amendment.

34.     That Defendants' actions described above resulted in the violation and deprivation of Plaintiff's decedent's constitutional rights including but not limited to the following:

        A.     The right to be free from unreasonable seizure, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution;

B. The right to not be deprive of life, liberty, property, or the pursuit of happiness without due process of law, as guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution;

C. The right to be free from the use of excessive force by officers, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution;

D. The right to equal protection of the law, as guaranteed by the Fourteenth Amendment of the United States Constitution.

35. That throughout all times of this cause of action, Defendant Nagy owed a duty to the public, but especially to Lamont Johnson, to act in a lawful and reasonable manner, and to avoid the unnecessary, unreasonable, illegal and excessive force in violation of Lamont Johnson's constitutional rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

36. That in order to effect the arrest of Plaintiff decedent, Lamont Johnson, the City of Detroit Police Officer Nagy reverted to the use of excessive force and shot his departmental issued handgun from the City of Detroit and shot multiple times, and, in essence, executed Plaintiff's decedent, Lamont Johnson.

37. That Defendant Nagy engaged in the use of deadly force, which, under the circumstances, constituted unnecessary, unreasonable, illegal and excessive force in violation of Lamont Johnson's constitutional rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

38.     That Plaintiff alleges there are no objective or objectively reasonable factors or evidence to justify the shooting death of Lamont Johnson, Decedent, and the violation and deprivation of constitutional rights described herein,  and that any statement by Defendant, City of Detroit Police Officer Nagy, that he feared for his own safety is insufficient and not objectively reasonable to permit the excessive and egregious seizure and killing of Plaintiff's decedent, denial of equal protection, used of excessive force or deprivation of life and liberty of Lamont Johnson, under the circumstances.

39.     That Lamont Johnson was shot multiple times and was killed in an objectively unreasonable manner which constitutes the unlawful, unconscionable and egregious "seizure" of Plaintiff's decedent in violation of established law.

40.     That City of Detroit Police Officer Nagy, with intent to cause great bodily harm and excessive force necessary to accomplish the arrest of Lamont Johnson, thereafter, assured the death of Lamont Johnson by shooting him multiple times in an excessive, egregious and objectively unreasonable manner.

41.     That as of December 1, 2015, it was known in the existing law that the Fourth Amendment precluded the use of excessive force by the government upon an individual or civilian, so to accomplish an arrest, as the same constitutes an unlawful seizure.

42.     The City of Detroit Police Officer Nagy, shooting and killing Plaintiff's decedent, Lamont Johnson, constituted objectively unreasonable excessive force and the unlawful seizure of Plaintiff's decedent, and denial of life and liberty of Lamont Johnson, in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

43.     That Plaintiff alleges and pleads that the use of force by a Defendant, Detroit Police Officer Nagy was greater than reasonable, and was objectively unreasonable under the circumstances.

44.     That there were no objective factors or evidence to justify the shooting death of Plaintiff's decedent, Lamont Johnson.

45.     That Defendant City of Detroit Police Officer Nagy's actions and activities in the shooting of Lamont Johnson violated the United States Constitutions Fourteenth Amendment of due process clause as arbitrary and capricious conduct such that Plaintiff asserts that said Defendant's actions constituted egregious and arbitrary government and official conduct in violation of the Fourteenth Amendment of the United States Constitution that "shocks the conscious" and directly and proximately deprived Plaintiff's decedent, Lamont Johnson, of his constitutional rights of life and liberty.

46.     That Defendant City of Detroit Police Officer Nagy's actions described above violated the Fifth Amendment to the constitution which

guarantees no person will be deprived of life, liberty or property without due process of law.

47.    That "force" even if less than deadly force, is not to be deployed lightly, Trummon v. Anheim, 343 F.3rd 1052 at 1057 (2003).

48.    That the shooting by Officer Nagy of Lamont Johnson multiple times constituted objectively unreasonable and excessive force and willful and wanton and unconscionable conduct under the circumstances, which proximately caused a violation of constitutional rights of Plaintiff's decedent, Lamont Johnson, to be free from unreasonable seizure under the Fourteenth and other Amendments of the Constitution.

49.    That as a direct and proximate cause of the Defendant City of Detroit Officer Nagy's unconscionable and egregious conduct and actions, the constitutional rights of Plaintiff's decedent, Lamont Johnson, were violated, including his life and liberty for which Plaintiff claims damages against City of Detroit Police Officer Nagy.

50.    That Defendant Nagy used deadly force against Lamont Johnson when there was no threat of immediate serious harm that Lamont Johnson posed to Defendant Nagy or the general public, and no reasonable police officer in Defendant Nagy's position, when faced with the circumstances that Defendant

Nagy faced, would have believed that the use of deadly force was reasonable or necessary.

51.     That Defendant Nagy's use of unnecessary, unreasonable, illegal and excessive deadly force as described herein was objectively unreasonable, and any reasonable governmental official in Defendant Nagy's position at all times relevant to this cause of action would have known that such use of force under the circumstances as they were presented to him were unnecessary, unreasonable, illegal, and excessive.

52.     Use of unnecessary, unreasonable, illegal and excessive deadly force by Defendant Nagy against Lamont Johnson amounted to a violation of Lamont Johnson's rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and those rights were clearly established at all times relevant to this cause of action, such that a reasonable person and governmental official in Defendant Nagy's position would have known that the use of such force was objectively unreasonable and in violation of Lamont Johnson's constitutional rights.

53.     That the actions by Officer Nagy described above constituted deliberate indifference.

54.     That Officer Nagy is not entitled to qualified immunity.

55.     That as a direct and proximate result of Defendant Nagy's use of unnecessary, unreasonable, illegal, and excessive deadly force, Lamont Johnson suffered a violation of his constitutional rights as well as great physical pain, discomfort, suffering, loss of mental capacity, humiliation, disability and disfigurement, degradation, emotional trauma, physical and mental anguish and then the loss of his life.

56.     As a direct and proximate result of Defendant Nagy's use of unnecessary, unreasonable, illegal, and deadly force, Lamont Johnson and his Estate and statutory heirs suffered damages, including, but not limited to,  the following:

A.    Reasonable medical and hospital expenses;

B.    Reasonable compensation for emotional injury and trauma suffered by  Lamont Johnson during the time that he suffered injury until his death;

C.    Reasonable compensation for the conscious pain and suffering undergone by Lamont Johnson during the time that he suffered injury and until his death;

D.    Reasonable funeral and burial expenses;

E.    Loss of financial support to heirs at law;

F.    Loss of services to heirs at law;

G.    Loss of gifts or other valuable gratuities to heirs at law;

H.    Loss of wages;

I.      Loss of society and companionship for heirs at law;

J.      Any and all other damages identified through the course of discovery otherwise available under the Michigan Wrongful Death Act, and all other damages allowable under Michigan and federal law.

K.      All damages previously described as well as punitive, exemplary and compensatory damages.

57.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiff for all damages allowed.  To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court should order additional damages to be allowed so as to satisfy any and all such inadequacies.

58.     The actions of Defendant Nagy as described above were malicious, deliberate, intentional, and embarked upon with knowledge of, or in conscious disregard of, the harm that would be inflicted upon Lamont Johnson and his surviving heirs.  As a result of such conduct, Plaintiff is entitled to an award of punitive damages in an amount sufficient to punish Defendant Nagy and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in its favor against Defendants in an amount in excess of

$75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the jury deems just.

## COUNT III

### VIOLATION OF RIGHTS UNDER THE FOURTH, FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983 AS TO DEFENDANT RAUL MARTINEZ

59.    Plaintiff reincorporates and re-alleges each and every paragraph stated above as if set forth herein word by word and paragraph by paragraph.

60.    That at all times relevant to this cause of action, Officer Martinez was an employee and police officer of the City of Detroit Police Department as was acting within the scope of his employment and under the color of law.

61.    It is well established that the rights to be free from excessive force, to be free from unreasonable seizure, to be guaranteed equal protection under the law and to not be deprived of life, liberty, the pursuit of happiness or property without due process of law are guaranteed by the Fourth, Fifth and Fourteenth Amendment's protections and are constitutionally protected rights.

62.    A police officer's use of deadly force is a "seizure" within the meaning of the Fourth Amendment.

63.   That Defendants' actions described above resulted in the violation and deprivation of Plaintiff's decedent's constitutional rights including but not limited to the following:

A.   The right to be free from unreasonable seizure, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution;

B.   The right to not be deprive of life, liberty, property, or the pursuit of happiness without due process of law, as guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution;

C.   The right to be free from the use of excessive force by officers, as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution;

D.   The right to equal protection of the law, as guaranteed by the Fourteenth Amendment of the United States Constitution.

64.   That throughout all times of this cause of action, Defendant Martinez owed a duty to the public, but especially to Lamont Johnson, to act in a lawful and reasonable manner, and to avoid the unnecessary, unreasonable, illegal and excessive force in violation of Lamont Johnson's constitutional rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

65.   That in order to effect the arrest of Plaintiff decedent, Lamont Johnson, the City of Detroit Police Officer Martinez reverted to the use of excessive force and shot his departmental issued handgun from the City of Detroit

and shot multiple times, and, in essence, executed Plaintiff's decedent, Lamont Johnson.

66.     That Defendant Martinez engaged in the use of deadly force, which, under the circumstances, constituted unnecessary, unreasonable, illegal and excessive force in violation of Lamont Johnson's constitutional rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

67.     That Plaintiff alleges there are no objective or objectively reasonable factors or evidence to justify the shooting death of Lamont Johnson, Decedent, and the violation and deprivation of constitutional rights described herein,  and that any statement by Defendant, City of Detroit Police Officer Martinez, that he feared for his own safety is insufficient and not objectively reasonable to permit the excessive and egregious seizure and killing of Plaintiff's decedent, denial of equal protection, used of excessive force or deprivation of life and liberty of Lamont Johnson, under the circumstances.

68.     That Lamont Johnson was shot multiple times and was killed in an objectively unreasonable manner which constitutes the unlawful, unconscionable and egregious "seizure" of Plaintiff's decedent in violation of established law.

69.     That City of Detroit Police Officer Martinez, with intent to cause great bodily harm and excessive force necessary to accomplish the arrest of Lamont

Johnson, thereafter, assured the death of Lamont Johnson by shooting him multiple times in an excessive, egregious and objectively unreasonable manner.

70.    That as of December 1, 2015, it was known in the existing law that the Fourth Amendment precluded the use of excessive force by the government upon an individual or civilian, so to accomplish an arrest, as the same constitutes an unlawful seizure.

71.    The City of Detroit Police Officer Martinez, shooting and killing Plaintiff's decedent, Lamont Johnson, constituted objectively unreasonable excessive force and the unlawful seizure of Plaintiff's decedent, and denial of life and liberty of Lamont Johnson, in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

72.    That Plaintiff alleges and pleads that the use of force by a Defendant, Detroit Police Officer Martinez was greater than reasonable, and was objectively unreasonable under the circumstances.

73.    That there were no objective factors or evidence to justify the shooting death of Plaintiff's decedent, Lamont Johnson.

74.    That Defendant City of Detroit Police Officer Martinez's actions and activities in the shooting of Lamont Johnson violated the United States Constitutions Fourteenth Amendment of due process clause as arbitrary and capricious conduct such that Plaintiff asserts that said Defendant's actions

constituted egregious and arbitrary government and official conduct in violation of
the Fourteenth Amendment of the United States Constitution that "shocks the
conscious" and directly and proximately deprived Plaintiff's decedent, Lamont
Johnson, of his constitutional rights of life and liberty.

75.    That Defendant City of Detroit Police Officer Martinez's actions
described above violated the Fifth Amendment to the constitution which
guarantees no person will be deprived of life, liberty or property without due
process of law.

76.    That "force" even if less than deadly force, is not to be deployed
lightly, Trummon v. Anheim, 343 F.3rd 1052 at 1057 (2003).

77.    That the shooting by Officer Martinez of Lamont Johnson multiple
times constituted objectively unreasonable and excessive force and willful and
wanton and unconscionable conduct under the circumstances, which proximately
caused a violation of constitutional rights of Plaintiff's decedent, Lamont Johnson,
to be free from unreasonable seizure under the Fourteenth and other Amendments
of the Constitution.

78.    That as a direct and proximate cause of the Defendant City of Detroit
Officer Martinez's unconscionable and egregious conduct and actions, the
constitutional rights of Plaintiff's decedent, Lamont Johnson, were violated,

including his life and liberty for which Plaintiff claims damages against City of Detroit Police Officer Martinez.

79. That Defendant Martinez used deadly force against Lamont Johnson when there was no threat of immediate serious harm that Lamont Johnson posed to Defendant Martinez or the general public, and no reasonable police officer in Defendant Martinez's position, when faced with the circumstances that Defendant Martinez faced, would have believed that the use of deadly force was reasonable or necessary.

80. That Defendant Martinez's use of unnecessary, unreasonable, illegal and excessive deadly force as described herein was objectively unreasonable, and any reasonable governmental official in Defendant Martinez's position at all times relevant to this cause of action would have known that such use of force under the circumstances as they were presented to him were unnecessary, unreasonable, illegal, and excessive.

81. Use of unnecessary, unreasonable, illegal and excessive deadly force by Defendant Martinez against Lamont Johnson amounted to a violation of Lamont Johnson's rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and those rights were clearly established at all times relevant to this cause of action, such that a reasonable person and governmental official in Defendant Martinez's position would have known that the use of such force was

objectively unreasonable and in violation of Lamont Johnson's constitutional rights.

82.    That the actions by Officer Martinez described above constituted deliberate indifference.

83.    That Officer Martinez is not entitled to qualified immunity.

84.    That as a direct and proximate result of Defendant Martinez's use of unnecessary, unreasonable, illegal, and excessive deadly force, Lamont Johnson suffered a violation of his constitutional rights as well as great physical pain, discomfort, suffering, loss of mental capacity, humiliation, disability and disfigurement, degradation, emotional trauma, physical and mental anguish and then the loss of his life.

85.    As a direct and proximate result of Defendant Martinez's use of unnecessary, unreasonable, illegal, and deadly force, Lamont Johnson and his Estate and statutory heirs suffered damages, including, but not limited to,  the following:

      A.    Reasonable medical and hospital expenses;

      B.    Reasonable compensation for emotional injury and trauma suffered by Lamont Johnson during the time that he suffered injury until his death;

      C.    Reasonable compensation for the conscious pain and suffering undergone by Lamont Johnson during the time that he suffered injury and until his death;

D.  Reasonable funeral and burial expenses;

E.  Loss of financial support to heirs at law;

F.  Loss of services to heirs at law;

G.  Loss of gifts or other valuable gratuities to heirs at law;

H.  Loss of wages;

I.  Loss of society and companionship for heirs at law;

J.  Any and all other damages identified through the course of discovery otherwise available under the Michigan Wrongful Death Act, and all other damages allowable under Michigan and federal law.

K.  All damages previously described as well as punitive, exemplary and compensatory damages.

86.  Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiff for all damages allowed.  To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court should order additional damages to be allowed so as to satisfy any and all such inadequacies.

87.  The actions of Defendant Martinez as described above were malicious, deliberate, intentional, and embarked upon with knowledge of, or in conscious disregard of, the harm that would be inflicted upon Lamont Johnson and his surviving heirs.  As a result of such conduct, Plaintiff is entitled to an award of

punitive damages in an amount sufficient to punish Defendant Martinez and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in its favor against Defendants in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the jury deems just.

## COUNT IV

### MUNICIPAL/SUPERVISORY LIABILITY PURUANT TO 42 U.S.C. § 1983 FOR INADEQUATE POLICIES/PROCEDURES/CUSTOMS, FAILURE TO TRAIN, RATIFICATION/ACQUIESCENCE – DEFENDANT CITY OF DETROIT

88.    Plaintiff reincorporates and re-alleges each and every paragraph stated above as if set forth herein word by word and paragraph by paragraph.

89.    Pursuant to 42  U.S.C. § 1983, as well as the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, Defendant City of Detroit, owed Lamont Johnson certain duties to properly hire, supervise, monitor, and train its employees so as not to violate the constitutional rights of individuals, and Lamont Johnson in particular and as alleged throughout this Complaint, and to take proper measures to prevent or otherwise protect individuals such as Lamont Johnson in the event that such violations may occur.

90.     Defendant, City of Detroit acting under color of state law is liable pursuant to 42 U.S.C. § 1983, in that its inadequate policies, procedures, training, regulations, and customs, or its failure to enact policies, procedures, training, regulations, and customs caused and was the driving force behind the violation of Lamont Johnson's constitutional rights as alleged throughout this Complaint.

91.     Defendant, City of Detroit, through its supervisory personnel at the Detroit Police Department, had decision-making authority to enact policies, procedures, training, regulations, or customs regarding, but not limited to, the use of force by its officers, and had final decision-making authority on matters that included, but were not limited to, training, hiring, retaining, staffing, investigating, and/or disciplining employees and personnel.

92.     Defendant, City of Detroit, through its supervisory personnel at the Detroit Police Department, knew or should have known of its officer's, including Defendants Nagy and Martinez's propensity to use unnecessary, unreasonable, illegal, and excessive deadly force, in violation of individuals' constitutional rights.

93.     Defendant, City of Detroit, with such knowledge of its officer's propensities, condoned, encouraged, or otherwise knowingly acquiesced in such conduct, which resulted in, or was the driving force behind, the constitutional violations as alleged herein.

94.     Defendant, City to Detroit, with such knowledge of its officers' propensities, condoned, encouraged, or otherwise knowingly acquiesced such conduct and thus acted with deliberate indifference to the violation of Lamont Johnson's constitutional rights as set forth throughout this Complaint.

95.     Defendant, City of Detroit, through its supervisory personnel at the Detroit Police

Department, was deliberately indifferent to Lamont Johnson's constitutional and other rights or made a deliberate and conscious choice despite a pattern of constitutionals violations by failing to promulgate proper policies, procedures, and customs, and failing to properly train personnel and employees to prevent the use of unnecessary, unreasonable, illegal, and excessive deadly force, in violation of individuals' constitutional rights, including Lamont Johnson, as alleged throughout this Complaint.

96.     That such failures were so reckless or grossly negligent that future misconduct was almost certain.

97.     Defendant, City of Detroit, through its supervisory personnel at the Detroit Police Department, was deliberately indifferent to Lamont Johnson's constitutional and other rights by failing to supervise or otherwise take action to prevent the constitutional violations as alleged throughout this Complaint.

98.     Defendant, City of Detroit, through its policies, procedures, regulations, or customs, or lack thereof, breached its duties, which amounted to reckless and/or deliberate indifference toward the general public causing people to face substantial risk of serious harm but disregarded that risk by failing to take reasonable measures to abate it, and toward Lamont Johnson specifically, in the following ways, including, but not limited to:

a.     Failing to properly train its employees regarding the proper use of reasonable and necessary force under the circumstances presented;

b.     Failure to properly train its employees regarding the proper and permissible use of deadly force on individuals such as Lamont Johnson under the circumstances;

c.     Failing to enact or provide training on proper policies regarding the use of deadly force;

d.     Hiring and/or the retention of employees whose character and personality pose a potential danger to the public in general and Lamont Johnson in particular;

e.     Failure to adequately monitor the conduct and behavior of its employees in general, but specifically Defendants Nagy and Martinzez, relative to the propensity to engage in the use of unnecessary, unreasonable, illegal, and excessive deadly force such that, despite written policies against such conduct, failure to sufficiently take action to prevent the occurrence of such conduct has led to the formation of a custom that such conduct       will be encouraged and tolerated;

f.     Failure to have proper policies, procedures, and training to deal with the danger of using unnecessary, unreasonable, illegal, and excessive deadly force against individuals, including Lamont Johnson;

g.    Failure to properly screen, supervise, discipline, transfer, counsel or otherwise control employees, including Defendants Nagy and Martinez, who are known or should have been known to engage in the use of unnecessary, unreasonable, illegal, and excessive deadly force;

h.    Failure to supervise and/or train employees to prevent violation of individuals' constitutional rights;

i.    Sanctioning the use of unnecessary, unreasonable, illegal, and excessive deadly force by failing to adequately discipline or terminate employees who are known to have violated the constitutional right of individuals on prior occasions, including but not limited to Defendants Nagy and Martinez;

J.    Having a custom, policy, or practice of tolerating the violation of constitutional rights by employees;

k.    Ratifying the violation of constitutional rights by employees;

l.    Employing and retaining improperly trained employees and administrators; and

m.    Failing to supervise and/or train employees and have proper policies and procedures as to when deadly force can be used and initiated and what steps must initiated before use of deadly force; and

n.    Other acts and omissions which may be learned through the course of discovery.

99.    The failures and/or actions set forth above to take action to prevent the use of unnecessary, unreasonable, illegal, and excessive deadly force abuse by Defendants Nagy and Martinez were a common pattern and practice

among   employees and personnel of deliberate indifference such that it constituted a policy or custom and such were followed and enforced by supervisors and administrators of Defendant City of Detroit.

100.   The above above-enumerated actions, failures, and/or inactions constituted deliberate indifference to the danger to Lamont Johnson's health, safety, and violation of his constitutional rights by Defendants Nagy and Martinez, including, but not limited to, those alleged in this Complaint.

101.   As a direct and proximate result of the above-enumerated actions, failures, and/or inactions, Lamont Johnson suffered a violation of his constitutional rights, as well as great physical pain and suffering, discomfort, loss of mental capacity, humiliation, degradation, disability, disfigurement, physical and mental anguish, emotional distress, mortification and the loss of his life as well as all other injuries and damages described above.

102.   As a direct and proximate result of the above-enumerated actions, failures, and/or inactions, Lamont Johnson suffered damages, including, but not limited to those describe above and:

    A.   Reasonable medical and hospital expenses;

    B.   Reasonable compensation for emotional injury and trauma suffered by Lamont Johnson during the time that he suffered injury until his death;

C.     Reasonable compensation for the conscious pain and suffering undergone by Lamont Johnson during the time that he suffered injury and until his death;

D.     Reasonable funeral and burial expenses;

E.     Loss of financial support to heirs at law;

F.     Loss of services to heirs at law;

G.     Loss of gifts or other valuable gratuities to heirs at law;

H.     Loss of wages;

I.     Loss of society and companionship for heirs at law;

J.     Any and all other damages identified through the course of discovery otherwise available under the Michigan Wrongful Death Act, and all other damages allowable under Michigan and federal law.

K.     All damages previously described as well as punitive, exemplary and compensatory damages.

103.     Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiff for all damages allowed. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter Defendants, this Court should order additional damages to be allowed so as to satisfy any and all such inadequacies.

104.   The actions and/or deliberate indifference of Defendants as described above were malicious, deliberate,  intentional, and  embarked upon with  the  knowledge of, or in conscious disregard of, the harm that would be inflicted upon Antonio Gordon. As a result of such deliberate indifference, Plaintiff is entitled to punitive damages in an amount sufficient to punish Defendants and to deter others from like conduct.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in its favor against Defendants in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the jury deems just.

## COUNT V

## **GROSS NEGLIGENCE – DEFENDANT TYLER NAGY**

105.   Plaintiff reincorporates and re-alleges each and every paragraph stated above as if set forth herein word by word and paragraph by paragraph.

106.   Gross negligence is defined by statute as "conduct so reckless as to demonstrate a  substantial  lack  of  concern  for  whether  an  injury  results." MCL 691.1407(7)(a).

107.   Defendant Nagy owed Lamont Johnson a duty to act in a reasonable manner and not in a grossly negligent manner, to act prudently and with reasonable

care and to avoid the use of unnecessary, unreasonable, illegal, and excessive deadly force where such force is not justified.

108.    Defendant Nagy breached those duties in a number of ways, including, but not limited to, the following:

a.    Using deadly force when the use of such force was unreasonable and/or unnecessary under the circumstances;

b.    Using deadly force when the use of lesser force could have been used;

c.    Failing to make an accurate perception that Lamont Johnson was not initiating violence before employing deadly force;

d.    Failing to follow established policies and procedures regarding the use of deadly force;

e.    Failing to follow established policies and procedures regarding the pursuit and apprehension of individuals;

f.    Not identifying himself as a police officer, and blinding Lamont Johnson with a flashlight preventing identification of Defendant as a Police Officer;

g.    Shooting Lamont Johnson when there was no indication Johnson was attempting to cause harm to Defendant or the general public or defy orders;

h.    Failing to assess whether Lamont Johnson was reaching for a gun before initiating gun fire;

i.    Failing to allow a sufficient time before initiating deadly force; and

j.    Other acts and omissions which may be learned through the course of discovery.

109. Defendant Nagy used deadly force against Lamont Johnson when there was no threat of immediate serious harm that Lamont Johnson posed to Defendant Nagy or the general public, and no reasonable police officer in Defendant Nagy's position when faced with the circumstances that Defendant Nagy faced would have believed that the use of deadly force was reasonable or necessary.

110. Defendant Nagy was grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in a unnecessary or willful or in a wanton manor toward Lamont Johnson, by using unnecessary, unreasonable, illegal, and excessive deadly force in a grossly negligent manner when there was no justification to do so and when the circumstances that Defendant Nagy faced were not such that the use of deadly force was necessary, and nevertheless maliciously carried out those acts, and thus breached the above duties in a number of ways.

111. Defendant Nagy's conduct, which amounted to gross negligence, was the proximate cause of Lamont Johnson's injuries and death.

112. Defendant Nagy is not entitled to immunity under Michigan law.

113. As the direct and proximate result of Defendant Nagy's actions and/or failures, as set forth above, Lamont Johnson has suffered damages, including, but not limited to, the following:

A.     Reasonable medical and hospital expenses;

B.     Reasonable compensation for emotional injury and trauma suffered by Lamont Johnson during the time that he suffered injury until his death;

C.     Reasonable compensation for the conscious pain and suffering undergone by Lamont Johnson during the time that he suffered injury and until his death;

D.     Reasonable funeral and burial expenses;

E.     Loss of financial support to heirs at law;

F.     Loss of services to heirs at law;

G.     Loss of gifts or other valuable gratuities to heirs at law;

H.     Loss of wages;

I.     Loss of society and companionship for heirs at law;

J.     Any and all other damages identified through the course of discovery otherwise available under the Michigan Wrongful Death Act, and all other damages allowable under Michigan and federal law.

K.     All damages previously described as well as punitive, exemplary and compensatory damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in its favor against Defendants in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the jury deems just.

## COUNT VI

## <u>GROSS NEGLIGENCE – DEFENDANT RAUL MARTINEZ</u>

114.   Plaintiff reincorporates and re-alleges each and every paragraph stated above as if set forth herein word by word and paragraph by paragraph.

115.   Gross negligence is defined by statute as "conduct so reckless as to demonstrate  a  substantial lack of concern for whether an injury results."  MCL 691.1407(7)(a).

116.   Defendant Martinez owed Lamont Johnson a duty to act in a reasonable manner and not in a grossly negligent manner, to act prudently and with reasonable care and to avoid the use of unnecessary, unreasonable, illegal, and excessive deadly force where such force is not justified.

117.   Defendant Martinez breached those duties in a number of ways, including, but not limited to, the following:

      a.   Using deadly force when the use of such force was unreasonable and/or unnecessary under the circumstances;

      b.   Using deadly force when the use of lesser force could have been used;

      c.   Failing to make an accurate perception of that Lamont Johnson was not initiating violence before employing deadly force;

      d.   Failing to follow established policies and procedures regarding the use of deadly force;

e.    Failing to follow established policies and procedures regarding the pursuit and apprehension of individuals;

f.    Not identifying himself as a police officer and blinding Lamont Johnson with a flashlight preventing identification of Defendant as a Police Officer;

g.    Shooting Lamont Johnson when there was no indication Johnson was attempting to cause harm to Defendant or the general public or even defy orders;

h.    Failing to assess whether Lamont Johnson was reaching for a gun before initiating gun fire;

i.    Failing to allow a sufficient time before initiating deadly force; and

j.    Other acts and omissions which may be learned through the course of discovery.

118.   Defendant Martinez used deadly force against Lamont Johnson when there was no threat of immediate serious harm that Lamont Johnson posed to Defendant Martinez or the general public, and no reasonable police officer in Defendant Martinez's position when faced with the circumstances that Defendant Martinez faced would have believed that the use of deadly force was reasonable or necessary.

119.   Defendant Martinez was grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in a unnecessary or willful or in a wanton manor toward Lamont Johnson, by using unnecessary, unreasonable, illegal, and excessive deadly force in a grossly

negligent manner when there was no justification to do so and when the circumstances that Defendant Martinez faced were not such that the use of deadly force was necessary, and nevertheless maliciously carried out those acts, and thus breached the above duties in a number of ways.

120.   Defendant Martinez's conduct, which amounted to gross negligence, was the proximate cause of Lamont Johnson's injuries and death.

121.   Defendant Martinez is not entitled to immunity under Michigan law.

122.   As the direct and proximate result of Defendant Martinez's actions and/or failures, as set forth above, Lamont Johnson has suffered damages, including, but not limited to, the following:

A.   Reasonable medical and hospital expenses;

B.   Reasonable compensation for emotional injury and trauma suffered by Lamont Johnson during the time that he suffered injury until his death;

C.   Reasonable compensation for the conscious pain and suffering undergone by Lamont Johnson during the time that he suffered injury and until his death;

D.   Reasonable funeral and burial expenses;
E.   Loss of financial support to heirs at law;

F.   Loss of services to heirs at law;

G.   Loss of gifts or other valuable gratuities to heirs at law;

H.   Loss of wages;

I.   Loss of society and companionship for heirs at law;

J.    Any and all other damages identified through the course of discovery otherwise available under the Michigan Wrongful Death Act, and all other damages allowable under Michigan and federal law; and

K.    All damages previously described as well as punitive, exemplary and compensatory damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in its favor against Defendants in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the jury deems just.

## COUNT VII

## ASSAULT AND BATTERY OF  TYLER NAGY

123.   Plaintiff reincorporates and re-alleges each and every paragraph stated above as if set forth herein word by word and paragraph by paragraph.

124.    The above described actions by Police Officer Nagy constituted forceful, offensive touching of Lamont Johnson intended by the Defendant that was not accidental and was against Lamont Johnson's will.

125.   That Defendant intended to commit the assault and battery, and did so.

126.   That the assault and battery resulted in the death of Lamont Johnson and all damages described above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in its favor against Defendants in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the jury deems just.

## COUNT VIII

### <u>ASSAULT AND BATTERY OF RAUL MARTINEZ</u>

127.   Plaintiff reincorporates and re-alleges each and every paragraph stated above as if set forth herein word by word and paragraph by paragraph.

128.   The above described actions by Police Officer Martinez constituted forceful, offensive touching of Lamont Johnson intended by the Defendant that was not accidental and was against Lamont Johnson's will.

129.   That Defendant intended to commit the assault and battery, and did so.

130.   That the assault and battery resulted in the death of Lamont Johnson and all damages described above.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant judgment in its favor against Defendants in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the jury deems just.

Respectfully Submitted,

By:_____

Mark E. Boegehold (P38699)
*Attorney for Plaintiff*
1000 Town Center, Suite 500
Southfield, MI 48075
(248) 354-2222